# Bell *v.* The State.

*Indictment for Embezzlement.*

1. *Embezzlement; sufficiency of indictment.*—An indictment for embezzlement under section 4660 of the Code is not subject to demurrer for averring that the defendant "did embezzle or fraudulently convert to his own use money," etc., instead of averring that the defendant embezzled or fraudulently converted to his own use, etc.

2. *Same; same.*—An indictment for embezzlement is not subject to demurrer, in that it uses the word "fraudelently," instead of the word *fraudulently*, in charging the defendant with the conversion of money to his own use.

APPEAL from the City Court of Montgomery.

Tried before the Hon. WILLIAM H. THOMAS.

The indictment under which the appellant in this case was tried and convicted, was in words and figures as follows: "The grand jury of said county charge that before the finding of this indictment Irving Bell being the clerk, agent or servant of W. M. Hudson & Company, a partnership composed of W. M. Hudson, L. Lasseter and B. F. Yarbrough, did embezzle or fraudelently convert to his own use money to about the amount of fifty dollars the personal property of the said W. M. Hudson and Company, a partnership as aforesaid, which said money had come into the possession of the said Irvine Bell by virtue of his employment as such clerk, agent or servant,

[Wildman v. The State.]

against the peace and dignity of the State of Alabama."

To this indictment the defendant demurred upon the following grounds: "(1.) It fails to aver that the defendant embezzled or fraudulently converted, etc., but charges that the defendant did embezzle or fraudulently convert, etc. (2.) It is indefinite and uncertain in this, it uses the word fraudelently instead of fraudulently."

This demurrer was overruled, and the overruling of the demurrer presents the only question for consideration on this appeal.

No counsel marked as appearing for appellant.

MASSEY WILSON, Attorney-General, for the State, cited Code, § 4923, Form No. 60; § 4660.

DOWDELL, J.—The defendant was indicted for embezzlement under section 4660 of the Code. A demurrer was interposed to the indictment and was overruled by the court. This action of the court is the only question presented for consideration. The first ground of the demurrer challenges the sufficiency of the indictment in that it charges "that the defendant did embezzle or fraudulently convert," etc. The second ground challenges the sufficiency of the indictment because the word fraudulently is spelled *fraudelently.* Both grounds are wholly without merit, and the trial court committed no error in its ruling.

Affirmed.